OPINION OF THE COURT
Raymond E. Aldrich, Jr., J.
By this CPLR article 78 proceeding petitioner seeks a judgment annulling a determination of the Commissioner of the Department of Correctional Services and the Superintendent of Downstate Correctional Facility which precludes cousins from attending special family events programs at the institution, since a cousin is not specified as a member of an inmate’s family by Directive No. 4022. Petitioner filed a grievance as a result of the determination, it was denied, he appealed and Directive No. 4022 (§ 3, subd A-3) was reaffirmed. Petitioner has exhausted his administrative remedies, and now seeks relief from the courts as his last resort for relief from a directive that is discriminatory and serves no meaningful purpose.
The relief is opposed by respondent solely on the ground that depriving cousins of visitation privileges is within the purview of the respondent commissioner, and his Directive No. 4022 has the force and effect of law, and is not a constitutional deprivation or a statutory violation entitled to relief.
The position of the respondents is untenable and as indefensible as the proposition that London is as hot as Calcutta (Thackeray). To permit a common-law wife who *649 enjoys an unrecognized legal position in our society, and a nephew or a niece who is thrice removed in genealogy, to have visitation rights, but to exclude first cousins who are in the bloodline but mathematically fourth, is without rhyme or reason.
The position of this court is fortified by the opinion of the State Commission of Correction in a letter by the chairman to the commissioner dated April 1, 1982 wherein the commission recommended that this petitioner’s request be accepted as the CORC decision does not offer any rationale for excluding cousins from family events. The letter further recommended that Directive No. 4022 be revised to include and acknowledge cousins as family members so that they might be permitted to attend family events. The letter also contains a finding that “Since cousins are already permitted to attend family events on certain occasions, security issues will not mitigate an expansion of current policy.”
The relief sought is granted and the commissioner is directed to revise Directive No. 4022 (§ 3, subd A-3) to include “cousins” as family members along with the other persons listed as such.